# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SARAH L. KOHLHAAS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 17-cv-413-JPG-CJP ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

In accordance with 42 U.S.C. § 405(g), plaintiff Sarah L. Kohlhaas seeks judicial review of the final agency decision denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Insurance (SSI) benefits pursuant to 42 U.S.C. § 423.

## Procedural History

Plaintiff applied for benefits in May 2013, alleging that she became disabled as of December 3, 2011: the day after her previous application for disability benefits had been denied. After holding an evidentiary hearing, ALJ Kevin R. Martin denied the application on December 29, 2015. (Tr. 13-31.) The Appeals Council denied review, and the decision of the ALJ became the final agency decision. (Tr. 1.) Administrative remedies have been exhausted and a timely complaint was filed in this Court.

## Issues Raised by Plaintiff

Through counsel, plaintiff raises the following points:

1. Whether the ALJ erred in giving significant weight to the state-agency opinion while failing to explain why he disagreed with the sitting aspect of the opinion;

1

2. Whether the ALJ erred in weighing every opinion in the record except for that of the VE, despite the VE opinion being baseless and flawed;

3. Whether the ALJ erred in adopting the VE opinions as controlling without rationale; and

4. Whether the ALJ erred in failing to identify and resolve conflicts between the VE's opinions and the *Dictionary of Occupational Titles* ("DOT").

**Legal Standards**

To qualify for benefits, a claimant must be "disabled" pursuant to the Social Security Act. The Act defines a "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The physical or mental impairment must result from a medically demonstrable abnormality. 42 U.S.C. § 423(d)(3). Moreover, the impairment must prevent the plaintiff from engaging in significant physical or mental work activity done for pay or profit. 20 C.F.R. § 404.1572.[1]

Social Security regulations require an ALJ to ask five questions when determining whether a claimant is disabled. The first three questions are simple: (1) whether the claimant is presently unemployed; (2) whether the claimant has a severe physical or mental impairment; and (3) whether that impairment meets or is equivalent to one of the listed impairments that the regulations acknowledge to be conclusively disabling. 20 C.F.R. § 404.1520(a)(4); *Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011). If the answers to these questions are "yes," then the ALJ should find

---

[1] The legal standards for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) are largely the same. The above paragraph in this order cites the relevant statutory provisions for DIB, while the SSI provisions are located at 42 U.S.C. §§ 1382c(a)(3)(A), 1382c(a)(3)(D), and 20 C.F.R. § 416.972. Most citations herein are to the DIB regulations out of convenience, but also apply to SSI challenges.

that the claimant is disabled. *Id.*

At times, an ALJ may find that the claimant is unemployed and has a serious impairment, but the impairment is neither listed in nor equivalent to the impairments in the regulations—failing at step three. If this happens, then the ALJ must ask a fourth question: (4) whether the claimant is able to perform his or her previous work. *Id.* If the claimant is not able to, then the burden shifts to the Commissioner to answer a fifth and final question: (5) whether the claimant is capable of performing *any* work within the economy, in light of the claimant's age, education, and work experience. If the claimant cannot, then the ALJ should find the claimant to be disabled. *Id.*; *see also Simila v. Astrue*, 573 F.3d 503, 512-13 (7th Cir. 2009); *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

A claimant may appeal the final decision of the Social Security Administration to this Court, but the scope of review here is limited: while the Court must ensure that the ALJ did not make any errors of law, the ALJ's findings of fact are conclusive as long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is evidence that a reasonable person would find sufficient to support a decision. *Weatherbee*, 649 F.3d at 568 (citing *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003)). The Court takes into account the entire administrative record when reviewing for substantial evidence, but it does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997); *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). But even though this judicial review is limited, the Court should not and does not act as a rubber stamp for the Commissioner. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

**The Decision of the ALJ**

ALJ Martin followed the five-step analytical framework described above. He determined that Ms. Kohlhaas was insured for DIB through December 31, 2015.[2] She had not engaged in substantial gainful employment since the alleged date of disability. He found that plaintiff had severe impairments of degenerative joint disease, degenerative disc disease, right sided greater trochanteric bursitis which had resolved; obesity, sleep apnea, mild asthma, and right carpal tunnel syndrome. These impairments did not meet or equal a listed impairment.

The ALJ found that plaintiff had the residual functional capacity (RFC) to perform work at the light exertional level with a number of physical limitations. Based on the testimony of a vocational expert (VE), the ALJ found that plaintiff was not able to do her past relevant work. She was, however, not disabled because she was able to do other jobs which, according to the VE's testimony, exist in significant numbers in the national economy.

**The Evidentiary Record**

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. In view of the points raised by plaintiff, the Court will not summarize the medical evidence.

1.  **Agency Forms**

Plaintiff was born in 1967 and was almost 49 years old on the date of the ALJ's decision. (Tr. 265.) She had worked from 1995 to 2010 as a farmhand on a dairy farm. (Tr. 268.) She said she stopped working in April 2010 because of her health and because the farm shut down. (Tr. 277.)

2.  **Evidentiary Hearing**

---

[2] The date last insured is relevant only to the claim for DIB.

Plaintiff was represented by an attorney at the evidentiary hearing in October 2015. (Tr. 41.)

Following plaintiff's testimony, a vocational expert (VE) testified. At the outset of his testimony, the ALJ asked him "And do you understand if you give us an opinion that conflicts with the information contained in the Dictionary of Occupational Titles, you need to advise us of the conflict and the basis for your opinion?" He answered "Yes." (Tr. 66.)

The VE classified the exertional level of plaintiff's past work as heavy. The ALJ asked the VE a hypothetical question which comported with the ultimate RFC assessment, that is, light work with a number of physical limitations. The VE testified that this person could not do plaintiff's past work. However, she could do other jobs at the sedentary exertional level; she was limited to the sedentary level because the hypothetical question limited her to standing and walking only two out of eight hours. She could do unskilled sedentary jobs such as dowel inspector, final assembler, and addresser. The VE testified that there were 14,030 dowel inspector jobs in the nation; there were 30,100 final assembler jobs in the in the nation, and there were 26,350 addresser jobs in the nation. (Tr. 67-69.)

Plaintiff's counsel did not ask the VE to identify the basis of the job numbers he testified to. The only issue raised by plaintiff's counsel was whether the jobs identified by the VE could be done by a person who needed an option to sit or stand at will and had a tendency to doze off after twenty minutes. (Tr. 70-72.)

## Analysis

While plaintiff does not make much of an issue of it, it is true that the ALJ found that she could do light work, but the jobs identified by the VE were at the sedentary level. This error, if it

can be called an error, is harmless. A person who can meet the physical demands of light work can also meet the demands of sedentary work. 20 C.F.R. § 404.1567(b). This is obvious, as sedentary work is less physically demanding than light work.

Plaintiff frames her first issue as "Whether the ALJ erred in giving significant weight to the state-agency opinion while failing to explain why he disagreed with the sitting aspect of the opinion." (*See* Doc. 10, p. 6.) She is referring to the opinions of two state agency consultants who assessed her RFC based on a review of the records. Both doctors indicated that she could stand or walk for two out of eight hours and could sit for six out of eight hours. (Tr. 112, 138.) The ALJ gave these opinions "significant weight." (Tr. 28.)

The premise of plaintiff's argument fails: the ALJ did not have to explain why he disagreed with the sitting limitation because he did not actually disagree with it. The RFC assessment included the ability to "stand and/or walk for a combined total of 2 hours out of an 8-hour work day." (Tr. 18.) As plaintiff herself acknowledges, sedentary work generally requires sitting for six out of eight hours a day. (*See* Doc. 10, p. 9.) The RFC assessment and the sedentary jobs identified by the VE comported with the state agency consultants' opinions regarding plaintiff's ability to sit.

Plaintiff points out the VE testified in response to her attorney's questions that a person who needed a sit/stand option could not do the jobs he identified. She does not, however, even attempt to argue that the evidence in this case supports a finding that she requires a sit/stand option. Plaintiff's first point is denied.

Plaintiff's next three points all argue that the ALJ erred in accepting the VE's testimony. She argues that the ALJ failed to "weigh" the VE's opinion, that he erred in accepting the

testimony "without rationale," and that he erred in failing to identify and resolve conflicts with the DOT. Distilled down to their essence, all three points argue that it was error for the ALJ to rely on the VE's testimony without exploring the basis for that testimony.

The only point raised by plaintiff's counsel at the hearing concerned a sit/stand option and tendency to doze off after twenty minutes. Plaintiff does not pursue the dozing problem here, but she points out that the DOT does not address the need for a sit/stand option. This is true, but irrelevant because the ALJ did not include a sit/stand option in his RFC assessment and plaintiff does not even argue that the ALJ erred in that regard.

Plaintiff argues that the DOT "does not describe sedentary jobs as available to those restricted to light exertion." (Doc. 10, p. 17.) The meaning of this statement is unclear. Sedentary work is less physically demanding than light work. 20 C.F.R. § 404.1567, SSR 83-10, 1983 WL 31251. People who can meet the basic exertional demand of light work can generally meet the basic exertional demands of sedentary work. § 404.1567(b). There is nothing for the DOT to "describe" here; that is the function of the VE. The point of the VE's testimony is to identify jobs that can be done by a person who is limited to less than a full range of work at a given exertional level. *See Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001).

The true crux of plaintiff's argument is that the ALJ erred by accepting the VE's testimony about the number of jobs available without properly exploring the basis for that testimony. Plaintiff notes, correctly, that the Seventh Circuit has criticized the DOT as being obsolete. *See*, *e.g., Browning v. Colvin*, 766 F.3d 702, 709 (7th Cir. 2014) ("A further problem is that the job descriptions used by the Social Security Administration come from a 23–year–old edition of the *Dictionary of Occupational Titles*, which is no longer published, and mainly moreover from

information from 1977–37 years ago.") Regardless, 20 C.F.R. § 404.1566(d) directs the agency to take administrative notice of information contained in the DOT.[3]

The DOT does not contain information that can be used to estimate the number of jobs available. *Voigt v. Colvin*, 781 F.3d 871, 879 (7th Cir. 2015). If the basis of a VE's testimony about job numbers is questioned at the hearing, the ALJ must make an inquiry to find out whether the testimony is reliable. *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002). Further, while a VE may give a "bottom line" answer, "the data and reasoning underlying that bottom line must be 'available on demand' if the claimant challenges the foundation of the vocational expert's opinions." *McKinnie v. Barnhart*, 368 F.3d 907, 911 (7th Cir. 2004).

Plaintiff's problem is that her attorney did not challenge the basis for the VE's testimony as to job numbers (or anything else) at the hearing. Citing *Herrmann v. Colvin*, 772 F.3d 1110 (7th Cir. 2014), and *Browning v. Colvin*, 766 F.3d 702 (7th Cir. 2014), she notes that the Seventh Circuit has questioned the reliability of VE testimony and DOT information even without an objection at the hearing. (Doc. 10, p. 14.) However, the discussion of the VE testimony and DOT in those cases was dicta. Plaintiff has not identified any case in which the Seventh Circuit reversed because the ALJ did not give a basis for his testimony about job numbers in the absence of an objection by plaintiff at the hearing.

Plaintiff falls back on an argument that the conflict between the VE's testimony and the DOT was apparent, meaning that she can raise it here even though she failed to raise it at the

---

[3] The agency is developing a replacement for the DOT, referred to as the "Occupational Information System." This system will be the "primary source of occupational information SSA staff use in our disability adjudication process." This system is projected to be implemented in 2020. SOCIAL SECURITY ADMINISTRATION, OCCUPATIONAL INFORMATION SYSTEM PROJECT, https://www.ssa.gov/disabilityresearch/occupational_info_systems.html (last visited February 14, 2018).

hearing. *See Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008). The Court disagrees.

It can be argued that there is an apparent conflict where the VE testifies about a functional limitation that is not addressed in the DOT, such as a sit/stand option or a limitation in bilateral reaching. *See, e.g., Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006); SSR-004p, 2000 WL 1898704, at *2-3. The apparent conflict there arises from the omission of information that is of the type of information that the DOT generally provides (physical and mental requirements of specific jobs). However, the DOT provides no information at all on the numbers of jobs available. The omission of information that is not of the type that is generally provided in the DOT cannot be rationally described as a conflict.

The effect of the rule that plaintiff is arguing for would be to give the plaintiff a free pass in every case where the ALJ relies on VE testimony at step five. Such a rule is not supported by the holding or the reasoning of any case she has cited. On the contrary, in both *Donahue, supra*, and *McKinnie, supra*, the ALJ's duty to enquire into the basis for the VE's testimony was triggered by plaintiff's challenge at the hearing.

## Conclusion

After careful review of the record as a whole, the Court is convinced that ALJ Martin committed no errors of law, and that his findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying Sarah L. Kohlhaas' application for disability benefits is **AFFIRMED**.

The Court **DIRECTS** the Clerk of Court to enter judgment in favor of the defendant.

**IT IS SO ORDERED.**

**DATE: FEBRUARY 28, 2018**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**